IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:22CR274 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY THEODOROU, | ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO THEODOROU'S |
| | ) | MOTION FOR SEVERANCE (DOC. 33) |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Now comes the United States of America by and through counsel, Michael J. Freeman and Alissa M. Sterling, Assistant United States Attorneys, and respectfully request the Court deny the Defendant's request for severance because he has not met the "heavy burden" needed to justify such an action.

A. **Theodorou fails to demonstrate that this case is one of the exceptional cases in which the general rule of joinder should be disregarded.**

"As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)). There is an exception to this general rule that permits severance but only if there would be substantial prejudice to a defendant in a joint trial. Fed. Crim. Rule 14. However, courts place a "heavy burden" on defendants seeking severance on this basis, and typically a conspiracy charge provides an adequate basis for a single trial. *United States v. Licavoli*, 725 F.2d 1040, 1051 (6th Cir. 1984) (citing *Opper v. United States*, 348 U.S. 84 (1954)); *See e.g. United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) ("Joinder

is permissible in a conspiracy count and substantive counts arising out of the conspiracy because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetrate some illegal activity.").

"[I]t is not enough merely to show that separate trials might have provided the defendant a better shot at acquittal." *United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013). A defendant is prejudiced only if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense. *United States v. Rox*, 692 F.2d 453, 454 (6th Cir. 1982); *See also Berg*, 714 F.3d at 496 (The defendant bears the "heavy burden" of establishing that the joint trial "prevent[ed] the jury from arriving at a reliable judgment as to guilt or innocence."); *Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("a serious risk that a joint trial would ... prevent the jury from making a reliable judgment about guilt or innocence"); *United States v. Benedict*, 855 F.3d 880, 885 (8th Cir. 2017) ("This trial was not the 'unusual case' in which the efficiency of joinder would have been outweighed by difficulty for the jury to analyze separately the evidence against each individual defendant.").

### 1. There is minimal spillover evidence from the other defendants to Theodorou

The requisite "heavy burden" of showing prejudice is not satisfied by showing that one defendant is less culpable than another or by a complaint of "spillover" of damaging evidence presented against a codefendant. *United States v. Johnson,* 763 F.2d 773, 777 (6th Cir. 1985); *Lopez*, 309 F.3d at 971; *see also United States v. Morgan*, 748 F.3d 1024 (10th Cir. 2014); *United States v. White*, 737 F.3d 1121 (7th Cir. 2013).

While spillover evidence alone is not a basis for severance, the Defendant also incorrectly informs the Court of the type of spillover evidence in this case. The Defendant argues that "spillover evidence is a problem" with one of his principal contentions being that in a joint trial

the dash camera footage of the murder would be admitted, inferring that such evidence would not be admitted in a solo trial. Such an inference is incorrect. The video footage of the murder is relevant and admissible evidence against Theodorou even if tried separately.

Theodorou is charged in Counts 1 through 5. Each count has an enhanced penalty if the use of the controlled substance imported (Counts 1, 2) or distributed (Counts 3- 5) resulted in death. That determination is for the jury and must be proven beyond a reasonable doubt, meaning that any evidence that proves to the jury that the use of controlled substance imported or distributed resulted in death is relevant as to Theodorou. One of the best pieces of evidence on this point is the dash camera footage showing the actual distribution and death caused by the controlled substance imported by Theodorou. Accordingly, the dash camera footage of the murder is not "spillover" evidence rather it is direct evidence against Theodorou.

Similarly, Count 4 of the Indictment alleges that Amanda and Theodorou conspired and agreed to possess with the intent to distribute a controlled substance, Etorphine. The distribution in this case is the forcible transfer of Etorphine to T.H. As such, evidence showing the forcible transfer of the controlled substance is the very object of the conspiracy and shows their agreement.

Even for the substantive counts, Theodorou can be found guilty of the charge even without personally committing the crime so long as he aided, abetted, counseled, commanded, induced, or procured the crime. *United States v. Katuramu*, 2006 WL 773038, 2006 U.S. App. LEXIS 7640 (6th Cir. 2006) (unpublished); *See* Pattern Crim. Jury Inst. 6th Cir. 4.01 (2022). Therefore, the fact Theodorou is not in the dash camera footage at the time of the distribution is not dispositive nor make it inadmissible evidence against him.

Accordingly, the dash camera footage is direct evidence against Theodorou, and therefore, is not "spillover evidence" justifying a separate trial.

### 2. Any *Bruton* issue can be resolved by redactions

"An accused is deprived of his rights under the Confrontation Clause when the confession of a non-testifying codefendant that implicates the accused is introduced into evidence at their joint trial." *United States v. Cope*, 312 F.3d 757, 780 (6th Cir. 2002) (citing *Bruton v. United States*, 391 U.S. 123, 137, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)). A jury instruction directing the jury to only consider the confession against the defendant making the statements does not cure this defect. *Id*. This *Bruton* rule, as it is known, extends to statements by codefendants and not just to confessions. *Id*. (citing *United States v. Bartle*, 835 F.2d 646, 651 (6th Cir. 1987).

However, the government is permitted to present a defendant's confession that implicates other codefendants if the names of the codefendants are redacted or removed, even if the jury could link the testimony to a particular codefendant though other evidence. *See United States v. Robinson*, 872 F.3d 760, 778 (6th Cir. 2017) (finding "proper redactions can cure even 'confessions incriminating by connection,' i.e., statements that do not incriminate a co-defendant on their own but become incriminating 'when linked with evidence introduced later at trial.'")

Here, the government intends to comply with the *Bruton* standard and redact Theodorou's name or references to him in Amanda's and Anita Green's interviews.  Just like the court found in *Robinson*, these redactions will cure any *Bruton* issue.  Furthermore, any prejudice to Theodorou is severely lessened because the government intends to admit his interview where he confessed to the importation of the controlled substance, the purpose for importing the controlled substance, and his role in the distribution and cover up of the crimes.

**B.     Conclusion**

Theodorou is charged with the exact same crimes as Amanda Hovanec, including multiple conspiracy charges. As such, the burdens of proof, elements, and relevant and admissible evidence will be the exact same for both. There will be no spillover evidence and any *Bruton* issue can be easily resolved with redactions. Accordingly, the Defendant has failed to meet the requisite "heavy burden," and therefore, the Court should deny his motion to sever.

Respectfully submitted,

MICHELLE M. BAEPPLER
FIRST ASSISTANT U.S. ATTORNEY

/s/ *Michael J. Freeman*
/s/ *Alissa M. Sterling*
Michael J. Freeman (OH: 0086797)
Alissa M. Sterling (OH: 0070056)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, OH 43604
(419) 259-6376
(419) 259-6360 (facsimile)
Michael.Freeman@usdoj.gov
Alissa.Sterling@usdoj.gov