UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | Case No. 3:22-CR-274 |
| Plaintiff, | * | |
| | * | Judge James R. Knepp II |
| | * | |
| | * | **<u>DEFENDANT'S REPLY BRIEF TO</u>** |
| | * | **<u>GOVERNMENT'S RESPONSE IN</u>** |
| | * | **<u>OPPOSITION TO MOTION FOR</u>** |
| | * | **<u>SEVERANCE</u>** |
| | * | |
| | * | Mark Satawa P47021 |
| vs. | * | mark@sawawalaw.com |
| | * | SATAWA LAW, PLLC |
| **D-2 ANTHONY THEODOROU**, | * | 26777 Central Park Blvd; #300 |
| | * | Southfield, MI 48076 |
| Defendant. | * | 248-356-8320 |

NOW COMES, Defendant, D-2, ANTHONY THEODOROU, by and through counsel, and hereby submits this Reply Brief to the Government's Response in Opposition to Motion for Severance.

**A. Theodorou has demonstrated prejudice sufficient to warrant severed trials.**

The Government's first argument in opposition to severance is that Theodorou has failed to show *substantial prejudice* if subjected to a joint trial. The Government cites the general rule that "a conspiracy charge provides an adequate basis for a single trial." *United States v. Licavoli*, 725 F.2d 1040, 1042 (1984). *Licavoli* requires a finding of prejudice — not substantial prejudice — before a court grants severance, although the actual holding was a bit more expansive, requiring a weighing of public policy versus prejudice and focusing on the required proofs to convict each

defendant. *Licavoli* explained the proper analysis of joint versus severed trials in the following excerpt:

> The general rule in conspiracy cases is that persons indicted together should be tried together. This is particularly the case when offenses charged may be established against all the defendants with the same evidence. The potential prejudice to the defendant must be balanced against competing societal goals of efficient and speedy trials. However, a single joint trial is impermissible if it violates a defendant's right to a fundamentally fair trial.

The holding in *Licavoli* is consistent with *Zafiro v. United States,* 506 U.S. 534; 113 S.Ct. 933; 122 L.Ed2d 317 (1993), which is cited in Theodorou's Brief in Support of Motion for Severance. Theodorou recognizes that a general policy of joint trials is favored in conspiracy cases. However, the cases of *Licavoli* and *Zafiro* recognize an exception when prejudice exists to protect an accused's right to a fair trial. *Licavoli* emphasized the importance of the "same evidence" to convict both accused. Meanwhile, a few years later *Zafiro* expanded the idea to include "spillover" and "similar and differences" in the evidence.

### 1. The presence of spillover evidence to Theodorou.

The Government attempts to minimize the spillover effect to Theodorou of the dashcam, but remains silent on the potential prejudice of the potential evidence involving the video tapped confessions of BOTH Co-Defendants. Even if this Honorable Court were to accept the Government's argument that the dashcam video would likely be admitted in a separate trial against Theodorou, such a fact does not reduce the spillover effect from the Co-Defendants' confessions. Put differently, while the spillover effect from the dashcam may be minimal, nevertheless the spillover effect from Defendant Hovanec's confession remains prejudicial and fundamentally unfair to admit against Theodorou in a joint trial.

The argument for joint trials in this Case is supported by the general policy in conspiracy cases. Still, the fact that different proofs would be necessary to convict Defendant Hovanec and Theodorou mitigates against joint trials in light of the holdings in *Licavoli* and *Zafiro*. Both *Licavoli* and *Zafiro* create a exception that supports severance in this Case because spillover prejudice would surely arise if the confession of Defendant Hovanec is used in a joint trial with Theodorou.

    **2. Redaction will not cure the *Bruton* issue.**

The Government's second argument against severance is in offering a curative solution to the potential violation of the Confrontation Clause found in *Bruton v. United States*, 391 U.S. 123, 137, 88 S. Ct. 1620, 1628, 20 L. Ed. 2d 476, 485 (1968). Theodorou's Motion contains a detailed explanation of the proper analysis of a motion for severance, including *Bruton's* rule that a "joint trial violates defendant's right of cross-examination" under the Confrontation Clause when there is a substantial risk the jury will consider incriminating extrajudicial statements of a codefendant. The Government properly cited the general rule of *Bruton* as applied by the Sixth Circuit, as "An accused is deprived of his rights under the Confrontation Clause when the confession of a non-testifying codefendant that implicates the accused is introduced into evidence at their joint trial." *United States v. Cope,* 312 F.3d 757 (6th Cir. 2002).

The Government cites *United States v. Robinson,* 872 F.3d 760 (6th Cir. 2017) as authority for the notion that redaction from Defendant Havenec's confession would cure any prejudice to Theodorou. *Robinson* explained the *Bruton* issue as follows:

> An accused is deprived of his rights under the Confrontation Clause when the confession of a nontestifying codefendant that implicates the accused is introduced into evidence at their joint trial. *Bruton v. United States*, 391 U.S. 123, 137, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968). This violation of the

> accused's rights is not cured even if the jury is instructed to consider the confession only as evidence against the codefendant. *Id.* In *United States v. Bartle,* 835 F.2d 646, 651 (6th Cir. 1987), this court extended the *Bruton* principle by holding that a defendant's Sixth Amendment right to confront witnesses is violated not only when the court admits the confession of a nontestifying codefendant, but also any statement made by a codefendant that implicates the accused.

The Government's reliance on *Robinson* is understandable, but must go further to prevent the *Bruton* problem. The Government's Response is silent on two notable points: 1) the issue of *inferentially incriminate* versus *directly incriminate* and 2) the proper application of redaction in light of *Richardson v. Marsh,* 481 U.S. 200; 107 S.Ct. 1702; 95 L. Ed2d 176 (1987) and *Gray v. Maryland,* 523 U.S. 185; 118 S.Ct. 1151; 140 L. Ed.2d (1998).

Theodorou's Brief in Support of Motion deals with the first issue, i.e., *inferentially versus directly* incriminating, by citing *United States v. Vasilakos,* 508 F.3d 401 (6th Cir. 2007). As argued in the Defense Brief, the statements by Defendant Hovanec are *directly incriminating* to Theodorou. Furthermore, as articulated by *Vasilakos,* the directly incriminating statements of Defendant Hovanec are the type *Bruton* recognized as prejudicial and therefore require severance.

The second problem with the Government's Response is that it proposes a curative remedy of partial redaction by relying on *United States v. Robinson,* 872 F.3d 760 (6th Cir. 2017). *Robinson,* supra, wrote:

> By eliminating any mention of Robinson's name from the Martin out-of-court statements — and providing the Sixth Circuit pattern jury instructions — the district court complied with *Richardson v. Marsh*, a post-*Bruton* Supreme Court case that permits a co-defendant's confession to be used at a joint trial so long as the confession is 'redacted to eliminate not only the defendant's name, but any reference to his or her existence.' 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987)." *Robinson,* 872 F.3d at 778.

The Sixth Circuit in ruling that *Bruton* had not been violated found the lack of incrimination as the most important factor. *Robinson* held:

> Finally, Robinson argues that Martin's out-of-court confession violated *Bruton* in still another way, by mentioning Robinson obliquely in passing. Rees testified that Martin had said during his first interview that he "did not receive any cash or anything of value from either Carl Robinson or Mike Ward." Rees then testified that "statements in [Martin's second] interview conflict[ed] with statements in the first" because Martin said during his second interview that "Mr. Ward had given him things of value including cash and a trip to Las Vegas that had expenses paid in it." Rees then clarified: "[a]nd that conflicted with his statement previous [sic] when he said he had received no cash or things of value from Mr. Ward or Mr. Robinson." ***However, these statements also do not violate the Confrontation Clause because they do not incriminate Robinson at all.*** Context shows that Ward first told Rees that he did not receive anything of value from either Robinson or Ward, but then changed his story and said he received something of value from only Ward. Although Martin's reference to Robinson in his original statement is somewhat confusing, Rees's account of Martin's answer clears up any confusion and incriminates only Ward. Therefore, the district court did not err in permitting Rees to recount this testimony by Martin.
> (Emphasis Added). *Robinson,* 872 F.3d at 778.

The specific problem with the Government's proposed curative remedy is that redaction cannot occur in such a way as to not incriminate Theodorou. For example, consider the jury's reaction to the directly incriminating statements from Defendant Hovanec about Theodorou's involvement in the importation of N99, to the hiding of the body, and to where the body was buried. If the jury hears any of these directly incriminating statements from Defendant Hovanec, it will undoubtedly convict Theodororu without considering any other evidence. And worse, it will be done without affording Theordorou any opportunity to cross-examine the declarant — a right guaranteed by the Confrontation Clause. The Government's plan of redacting or deleting Theodorou from the incriminating statements of Defendant Hovanec does not eliminate the *Bruton* problem.

The exact remedy proposed by the Government was rejected by the Supreme Court in *Gray v. Maryland,* 523 U.S. 185; 118 S.Ct. 1151; 140 L. Ed2d 294 (1998). In *Gray,* the Sumpreme Court wrestled with an attempt – similar to the Government in this Case – to delete an accused's

name to satisfy *Bruton*. The Supreme Court in *Gray* in rejecting the deletion of a defendant's name as a means of protecting an accused's rights under the Confrontation Clause reasoned:

> Originally, the codefendant's confession in the case before us, like that in *Bruton*, referred to, and directly implicated another defendant. The State, however, redacted that confession by removing the nonconfessing defendant's name. Nonetheless, unlike *Richardson's* redacted confession, this confession refers directly to the "existence" of the nonconfessing defendant. The State has simply replaced the nonconfessing defendant's name with a kind of symbol, namely the word "deleted" or a blank space set off by commas. The redacted confession, for example, responded to the question "Who was in the group that beat Stacey," with the phrase, "Me, and a few other guys." See Appendix, infra, at . And when the police witness read the confession in court, he said the word "deleted" or "deletion" where the blank spaces appear. We therefore must decide a question that *Richardson* left open, namely whether redaction that replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word "deleted," or a similar symbol, still falls within *Bruton's* protective rule. We hold that it does.
>
> *Bruton*, as interpreted by *Richardson*, holds that certain "powerfully incriminating extrajudicial statements of a codefendant" -- those naming another defendant -- considered as a class, are so prejudicial that limiting instructions cannot work. *Richardson*, 481 U.S. at 207; Bruton, 391 U.S. at 135. ***Unless the prosecutor wishes to hold separate trials or to use separate juries or to abandon use of the confession, he must redact the confession to reduce significantly or to eliminate the special prejudice that the Bruton Court found.*** Redactions that simply replace a name with an obvious blank space or a word such as "deleted" or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble *Bruton's* unredacted statements that, in our view, the law must require the same result.

*Id.* 523 U.S. at 188. (Emphasis Added).

The exact argument advanced by the Government in this Case, i.e. that redaction or deletion of Theodorou's name or references to him solves the *Bruton* problem, was rejected by the Supreme Court in *Gray*.

*Robinson* discussed the differences between *Richardson* and *Gray* in the context of an Eleventh Circuit decision.[1] *Robinson* explained:

> The Eleventh Circuit's holding in *United States v. Schwartz*, 541 F.3d 1331 (11th Cir. 2008), is distinguishable. In that case, the co-defendant's testimony did not directly state that the defendant had committed bad acts, but did state that a company controlled by the defendant had committed bad acts. *Id.* at 1344-46. The Eleventh Circuit held that the use of the company name was "not incriminating on its face" but nevertheless became incriminating when linked with other evidence at trial, namely evidence that the defendant owned and controlled the company. *Id.* at 1351-52. The Eleventh Circuit's reasoning in that case relied on another post-*Bruton* case, *Gray v. Maryland*, which held that a redacted out-of-court statement must truly eliminate any reference to a defendant's existence; for example, the defendant's name may not be "obvious[ly] delet[ed]," i.e., replaced with an ellipses or a symbol from which the jury may still easily infer the defendant's participation. 523 U.S. 185, 192-95, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998). The Eleventh Circuit likened the use of the name of a company owned by the defendant to such a blank space or obvious deletion. *Schwartz*, 541 F.3d at 1352. Robinson's case is distinguishable from *Gray*, and therefore Schwartz, because Martin's out-of-court confessions contained no such indirect reference to Robinson's existence, which makes this case more like the redaction of any reference to the defendant's existence in *Richardson*. See *Richardson*, 481 U.S. at 208.

In summary, *Gray* stands for the proposition that simple redaction or deletion of a defendant's name from a non-testifying codefendant's statement is insufficient to satisfy *Bruton* when said statement contains direct incriminating evidence. *Gray* analysis would also extend to any later evidence that would incriminate the accused in the nontestifying codefendant's statement.

---

[1] *United States v. Schwartz*, 541 F.3d 1331, 1351 (11th Cir 2008). *Schwartz* involved a $30,000.00 fraud scheme that included forty-two witnesses at trial for two codefendants. In finding a *Bruton* violation occurred and overturning Schwartz conviction, the 11th Circuit in *Schwartz* wrote:

> We think the proper *Bruton* standard is clear from a close reading of *Bruton, Richardson, Gray*, and our subsequent *Bruton* decisions: a defendant's confrontation right is violated when the court admits a codefendant statement that, in light of the Government's whole case, compels a reasonable person to infer the defendant's guilt.

Conversely, *Robinson* would permit the use of a nontestifying codefendant's statement when it does not incriminate the accused or only does so inferentially.

## Conclusion

The Government's proposed cure for the *Bruton* issue in this Case does not satisfy the rules established by the trilogy of cases: *Bruton, Richardson,* and *Gray*. The better approach for the protection of Theordorou's rights under the Confrontation Clause and to a fair trial are better served through severance. Simply deleting Theodorou's name does not cure the direct incrimination and prejudice to him that will undoubtedly arise during a joint trial with Defendant Hovanec while preventing him from cross-examining her. This is the exact issue *Bruton* sought to remedy.

The Government's proposed remedy cannot be tailored to satisfy *Gray* because it is impossible to redact all references to Theodorou in Defendant Hovanec's statements. Placing blanks, ellipsis, or some other indicator in place of Theodorou's name into Defendant Hovanec's statements and providing the jury with an instruction to not consider the statements against Theodorou are insufficient under *Gray* to remedy the clear *Bruton* issue. The better solution is to sever the Trials.

Respectfully Submitted,

**SATAWA LAW, PLLC**

/s/ Mark A. Satawa (P47021)
**Mark A. Satawa (P47021)**
**Attorney for D-2 Anthony Theodorou**
26777 Central Park Blvd, Suite 300

                                                  Southfield, Michigan 48076
                                                  Phone: 248-356-8320
                                                  E-Mail: mark@satawalaw.com

December 28, 2022

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2022, I electronically filed the foregoing Documents with the Clerk of the Court using the E.C.F. System, which will send notification of such filing to all parties of record.

Respectfully Submitted,

**SATAWA LAW, PLLC**

<u>/s/ Mark A. Satawa (P47021)</u>
**Mark A. Satawa (P47021)**
**Attorney for D-2 Anthony Theodorou**
26777 Central Park Blvd, Suite 300
Southfield, Michigan 48076
Phone: 248-356-8320
E-Mail: mark@satawalaw.com

Date:  December 28, 2022