**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CR 274 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ANTHONY THEODOROU,** | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### INTRODUCTION

There are three codefendants in this criminal case deriving from a person's death by administration of a controlled substance. One of the defendants, Anthony Theodorou, has moved to sever his trial from that of his codefendants, Amanda Hovanec and Anita Green. (Doc. 33). The motion is fully briefed and ripe for decision. For the following reasons, this Court denies Theodorou's motion.

### BACKGROUND

Anthony Theodorou and two other codefendants in this case are charged with various offenses related to the April 2022 death of "T.H.", a security engineering officer for the U.S. State Department (Doc. 1-1, at 2). T.H.'s death was investigated after his personal property, including federal government equipment, was abandoned in a hotel room in Wapakoneta, Ohio. *Id.* T.H. had purportedly been in the area for a hearing related to custody of his children; codefendant Amanda Hovanec, T.H.'s wife, from whom he was separated, had denied T.H. court-ordered visitation with his children since November 2021. *Id.* at 3.

According to the Complaint's description of the investigation, a combination of hotel security footage, vehicle dashboard camera footage, and cell phone records showed T.H. had taken his children back to Hovanec's house on April 24, 2022, where Hovanec's mother, codefendant Anita Green, took the children inside and Hovanec assaulted and incapacitated him. *Id.* at 6-7. In a confession to authorities, Hovanec purportedly admitted to injecting T.H. with a lethal drug she had acquired from Theodorou, disposing of T.H.'s car, and burying his body. *Id.* at 8-9. Theodorou made a confession as well, in which he purportedly admitted to knowing of the plan to kill T.H., acquiring an animal tranquilizer he called M99 from a veterinarian in South Africa, mailing it to Hovanec's residence, and helping to bury the body. *Id.* at 10-11. He denied involvement in the actual killing and handling of the body immediately after death, but his confession otherwise largely matched Hovanec's. *Id.* at 11. According to the Complaint, Theodorou later showed investigators where T.H. was buried. *Id.*

On May 25, 2022, Theodorou was charged with conspiracy to import, importation of, conspiracy to possess with intent to distribute, and distribution of a controlled substance. (Doc. 1, at 1). Hovanec faces similar charges; Green was charged with being an accessory after the fact. *Id.*

Theodorou filed the instant motion to sever on November 11, 2022. (Doc. 33, at 1).

## STANDARD OF REVIEW

Criminal defendants are properly joined when they are charged with participating "in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). "All defendants need not be charged in each count." *Id.* For purposes of judicial efficiency, defendants jointly indicted should generally be tried together. *See, e.g.*, *United States v. Stull*, 743 F.2d 439, 446-47 (6th Cir. 1984), *cert. denied*, 470 U.S. 1062 (1985).

2

Defendants' trials may be severed "[i]f the joinder of offenses or defendants . . . for trial appears to prejudice a defendant." FED. R. CRIM. P. 14(a). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). The Sixth Circuit reviews denial of a motion to sever "only for a clear abuse of discretion." *Id.*

## DISCUSSION

Theodorou seeks to sever his trial from that of Hovanec and Green. (Doc. 33, at 1). He argues a jury will not be able to separate evidence against him from evidence against the other defendants, creating a "spillover evidence" problem, and that the use of Hovanec's confession to authorities during a joint trial would violate his constitutional Confrontation Clause right. (Doc. 33-1, at 10). The Government, in opposition, argues Theodorou "has not met the heavy burden needed to justify" severance. (Doc. 34, at 1).

The Sixth Amendment to the U.S. Constitution requires that a criminal defendant "be confronted with the witnesses against him." U.S. Const. amend. VI. The Fifth Amendment requires that no criminal defendant may be "compelled . . . to be a witness against himself". U.S. Const. amend. V. In a criminal trial with multiple defendants, these rights may conflict: one defendant who has previously given evidence against another defendant may exercise her right not to testify, which would deprive the other defendant of their right to confront a witness against him. Theodorou argues Hovanec's confession may cause precisely this problem in the instant case. (Doc. 33, at 10).

The Supreme Court has held that when a criminal defendant's oral confession which implicates a codefendant is admitted into evidence, and the confessing defendant does not take the stand at trial, the codefendant is denied his Sixth Amendment Confrontation Clause right, as the

confession "add[s] substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination". *Bruton v. U.S.*, 391 U.S. 123, 127-28 (1968). Instruction to the jury to only consider the confession against one defendant and not another does not cure the violation. *Id.* at 137.

A defendant's prior statement implicating a codefendant may only be admitted if it is redacted in such a way that removes all references to the codefendant, making it appear that no other person but the confessing defendant was involved in the crime at all. *Richardson v. Marsh*, 481 U.S. 200, 203, 208 (1987). A defendant's prior statement redacted only by way of removing the implicated codefendant's name, leaving a blank space or similar indication that another, unnamed person was involved, may not be admitted. *Gray v. Maryland*, 523 U.S. 185, 188 (1998). The Sixth Circuit explains this distinction by noting that an obvious blank or deletion would "call jurors' attention specifically to the removed name." *U.S. v. Vasilakos*, 508 F.3d 401, 407 (6th Cir. 2007).

The Government argues Hovanec's confession can be properly redacted to avoid a violation of Theodorou's Sixth Amendment rights. (Doc. 34, at 4). It also argues "any prejudice to Theodorou is severely lessened because the government intends to admit his interview where he confessed to the importation of the controlled substance, the purpose for importing the controlled substance, and his role in the distribution and cover up of the crimes." *Id.* Additionally, because Hovanec and Theodorou are charged with similar crimes, the Government argues there is minimal "spillover evidence" that would confuse a jury. *Id.* at 2.

This Court agrees with the Government. Particularly because Hovanec and Theodorou are charged with conspiracy, in which coconspirators are responsible for the crimes of the conspiracy as a whole, much of the available evidence is likely relevant to all defendants, including

Theodorou. *See, e.g.*, *U.S. v. Kennedy*, 714 F.3d 951, 960-61 (6th Cir. 2013) ("a defendant is responsible for all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity").

And while the two confessions may eventually require some procedural protections for the codefendants to ensure no Confrontation Clause rights are violated, at the current stage of litigation, no trial date is scheduled, nor has either party provided a transcript or recording of either confession. Because it is not clear how or whether Hovanec's confession may be properly redacted, and because trial is not imminent, there is no need at this stage to sever the cases. If or when trial is on the horizon, this Court shall require the Government to submit its proposed redactions in order to ensure compliance with the *Bruton* standard; if no proper redaction is possible, the Court will take up the question of severance again at that juncture.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Anthony Theodorou's Motion for Severance (Doc. 33) be, and the same hereby is, DENIED.

*s/ James R. Knepp II*
UNITED STATES DISTRICT JUDGE